IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRO T. HESED-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-146 |
| ) | |
| COURTNEY MCCORD; DUSTIN ) | |
| BURDICK; BRANDEN JAMES GLOVER; ) | |
| and RICHARD ROUNDTREE, ) | |
| ) | |
| Defendants. ) | |

_ _ _ _ _ _

| | |
|---|---|
| BRO T. HESED-EL, and all other persons ) | |
| similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CV 117-165 |
| ) | |
| CITY OF AUGUSTA-RICHMOND ) | |
| COUNTY; WILLIAM D. JENNINGS, III; ) | |
| VICKIE W. HESTER; and JANICE ALLEN ) | |
| JACKSON, ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**
_____

On November 17, 2017, Plaintiff submitted an amended complaint brought pursuant to 42 U.S.C. § 1983 regarding his arrest in Richmond County, Georgia. Bro T. Hesed-El v. McCord, et al., CV 117-146, doc. no. 12 (S.D. Ga. Nov. 17, 2017). A week and a half later,

on November 29, 2017, Plaintiff submitted another complaint brought pursuant to 42 U.S.C. § 1986 also regarding his arrest. <u>Bro T. Hesed-El v. City of Augusta-Richmond County, et al.</u>, CV 117-165, doc. no. 1 (S.D. Ga. Nov. 29, 2017).

Although the complaints contain different defendants, both complaints contain similar claims that the arrest warrant obtained to secure his arrest was unconstitutional and void. <u>Compare</u> CV 117-146, doc. no. 12, pp. 3-5, <u>with</u> CV 117-165, doc. no. 1, pp. 4, 6-8. Therefore, it appears Plaintiff may have intended to simply file an amended complaint in case number CV 117-165. Accordingly, Plaintiff shall have ten days from the date of this Order to notify the Court whether he intended to file two separate cases and pay two $400.00 filing fees. Should Plaintiff fail to respond to this Order, (1) the Court will presume Plaintiff did not intend to open a new case; (2) case number CV 117-146 will proceed in the normal course of business and the complaint filed in CV 117-165 will be re-docketed in CV 117-146 as an amended complaint; and (3) case number CV 117-165 will be dismissed.

Finally, in his complaint in CV 117-165, Plaintiff claims to "withhold consent" pursuant to 28 U.S.C. § 636 and therefore "[n]o U.S. Magistrate may participate herein." CV 117-165, doc. no. 1, p. 1. Under Local Rule 72, Magistrate Judges are authorized to perform the duties prescribed by 28 U.S.C. § 636(a) and (b)(1)(A). Loc. R. 72.1, 72.2. Under 28 U.S.C. § 636(b)(1)(A), magistrate judges may "hear and determine any pretrial matter pending before the court" with the exception of various dispositive motions and motions for injunctive relief. Moreover, under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion" he cannot determine under § 636(b)(1)(A). Therefore,

2

Plaintiff's consent is not required for the undersigned to participate in the proceedings within the confines of 28 U.S.C. § 636.

SO ORDERED this 4th day of December, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA